IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARINA PDR OPERATIONS, LLC,<br><br>**Plaintiff,**<br><br>v.<br><br>MASTER LINK CORPORATION, INC.,<br>*et al.*,<br><br>**Defendants.** | **Civil No.** 17-1307 (FAB) |

**OPINION AND ORDER**[1]

BESOSA, District Judge.

Before the Court is defendant Master Link Corporation ("Master Link")'s motion to dismiss plaintiff Marina PDR Operations, LLC ("Marina")'s third amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (Docket No. 52.) For the reasons set forth below, the Court **DENIES** Master Link's motion to dismiss Marina's third amended complaint.

**I. Background**

This action concerns Master Link's alleged breach of two contracts into which it entered with Marina – the Master Link Barge Agreement and the Fajardo Vessel Agreement.[2]

---

[1] Brett Uslaner, a second-year student at Fordham University School of Law, assisted in the preparation of this Opinion and Order.

[2] The Court accepts the following facts as true, as pled in the third amended complaint. See Assured Guar. Corp. v. García-Padilla, 214 F. Supp. 3d 117, 122 (D.P.R. 2016) (Besosa, J.) (when analyzing 12(b)(6) motions, "the Court accepts a complaint's well-pled facts as true and views them – and the inferences drawn from them – in a light most favorable to the pleader").

**A.   The Master Link Barge Agreement**

Marina provides wet slip and land storage services for ships. (Docket No. 47 at p. 2.) Master Link owns the M/V Master Link I, a barge and the *in rem* defendant in this litigation ("Master Link Barge"). Id.

On April 22, 2013, Master Link entered into a Boat Space License Agreement with Marina ("Master Link Barge Agreement"). Id. at p. 4.³ Master Link agreed to pay a monthly fee of $2,848.50 to store the Master Link Barge at Marina's facility. (Docket No. 1, Ex. 3.) In the event of default, Marina reserved "the right to retain the vessel as guarantee for payment and/or performance by Owner of any obligation under this agreement." Id.

Master Link has not paid any dockage, storage or other fees incurred by Marina associated with storing the Master Link Barge. Id. at p. 5. According to Marina, as of January 30, 2017, Master Link and the Master Link Barge, as an *in rem* defendant,

---

³ In deciding a motion to dismiss, a court may "[o]rdinarily [. . .] not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001). "When the complaint relies upon a document, whose authenticity is not challenged, [however,] such a document 'merges into the pleadings' and the court may properly consider it under a Rule 12(b)(6) motion to dismiss." Alternative Energy, Inc., 267 F.3d at 33 (quoting Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998)). Neither Marina nor the defendants dispute the authenticity of the Master Link Barge Agreement or any other agreement referenced in the complaint. (Docket No. 1, Exs. 1 & 3) Accordingly, the Master Link Barge Agreement "merged into the pleadings," and may be considered by the Court.

owe $36,980.19.  Id.  Master Link declined Marina's requests "to meet in person to discuss [a] payment arrangement." (Docket No. 31 at p. 6.)  The Master Link Barge remains stored at Marina's facility.  (Docket No. 1, Ex. 3.)

**B.   The Fajardo Vessel Agreement**

The Maritime Transport Authority ("MTA") is a public corporation of the Commonwealth of Puerto Rico.  Id. at p. 2.  The MTA owns the M/V Fajardo II ("Fajardo Vessel").  Id.[4]  On February 1, 2012, the MTA entered into a Boat Space License Agreement with Marina ("Fajardo Vessel Agreement").  Id. at p. 5.  Marina agreed to store the Fajardo Vessel at its facility for a monthly fee, subject to the same terms and conditions set forth in the Master Link Barge Agreement.  (Docket No. 1, Exs. 1 and 3.)

As of January 30, 2017, Marina incurred $78,311.85 in costs associated with docking and storing the Fajardo Vessel.  (Docket No. 47 at p. 4.)  The Fajardo Vessel remains stored at Marina's facility.  Id. at p. 3.  Marina asserts that "Master Link expressly assumed and accepted responsibility for the payments to [Marina] under the [Fajardo Vessel Agreement] for the storage and services provided."  Id.  Master Link issued payments to Marina pursuant to the Fajardo Vessel Agreement for haul out, blocking,

---

[4] The Court granted Marina's motion to join the MTA as a defendant pursuant to Federal Rule of Civil Procedure 19.  (Docket Nos. 17 and 20.)

lay days and land storage, assuring "[Marina] that it would be paying all amounts due as soon as it received an updated balance sheet." Id. Accordingly, Marina avers, Master Link is liable for all outstanding debts regarding the Fajardo Vessel. Id. at p. 3. Marina's collection efforts against Master Link concerning the Fajardo Vessel proved unsuccessful. According to Marina, "notice of the instant claim was anticipated to Master Link as well as the opportunity to address this matter within a reasonable time but, again, Master Link failed to pay." Id.

Marina pleads in the alternative that should the Court find that Master Link did not assume the MTA's obligations pursuant to the Fajardo Vessel Agreement, the MTA is consequently liable for the storage fees regarding the Fajardo Vessel.

Master Link moves to dismiss the third amended complaint, adopting its motion to dismiss the second amended complaint. (Docket Nos. 30 and 52.) Similarly, Marina moves to adopt its opposition to Master Link's motion to dismiss the second amended complaint. (Docket No. 31.) The Court grants both requests.

**II. Jurisdiction**

The third amended complaint sets forth an admiralty and maritime cause of action within the meaning of Federal Rule of

Civil Procedure 9(h).  (Docket No. 47.)  Accordingly, this Court possesses jurisdiction pursuant to 28 U.S.C. § 1333.

## III. 12(b)(6) Standard

Pursuant to Rule 12(b)(6), a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Propriety of dismissal under Rule 12(b)(6) turns on the complaint's compliance with Rule 8(a)(2), which mandates that every complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" Fed. R. Civ. P. 8(a)(2); Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 8 (1st Cir. 2011).

Courts engage in a two-step analysis in resolving motions to dismiss.  First, courts "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements."  Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012).  For the second

step, courts "take the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Id. at 55. "The relevant question for a district court in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 55 (1st Cir. 2013) (quoting Twombly, 50 U.S. at 569 n. 14). All allegations in the complaint are taken as true and all reasonable inferences are drawn in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st. Cir. 2008).

"Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that 'the facts establishing the defense [are] clear 'on the face of the plaintiff's pleadings.'" Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008) (quoting Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir.2001) (internal quotation marks omitted)). Where the dates provided in the complaint reveal that the statute of limitations has expired and "the complaint fails to 'sketch a factual predicate' that would warrant the application of either a

different statute of limitations period or equitable estoppel, dismissal is appropriate." Id. at 320 (quoting LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509-10 (1st Cir. 1998).

## IV. Discussion

The dispositive inquiry for purposes of Master Link's motion to dismiss is whether Marina's claims are time-barred. The general maritime law of the United States governs maritime contract disputes. United Fruit Co. v. United States, 186 F.2d 890, 895 (1st Cir. 1951). "Liability arises in the admiralty as elsewhere from breach of any valid contract." Navieros Inter-Americanos, S.A. v. M/V Vasilia Exp., 120 F.3d 304, 313 (1st Cir. 1997) (quotation omitted). "In an admiralty case, maritime law and the equitable doctrine of laches govern the time to sue." Doyle v. Huntress, Inc., 513 F.3d 331, 334 (1st Cir. 2008) (quotation omitted).

To determine whether a claim is time-barred, courts consider the period of limitations prescribed in the most analogous statute. Pan Am. Grain, 215 F. 3d at 175; see TAG/ICIB Servs., Inc. v. Sedeco Servicio de Descuento en Compras, 570 F.3d 60, 63 (1st Cir. 2009) ("Courts rely upon [the limitations period in the most analogous statute] to establish burdens of proof and presumptions of timeliness and untimeliness."). Furthermore, "[a]n admiralty court must apply the federal maritime rules that

directly address the issues at hand, and only resort to state law when no federal rule applies." Pan Am. Grain, 215 F.3d at 177. Cf. Occidental Life Ins. Co. of California v. E.E.O.C., 432 U.S. 355, 378 (1977) (noting preference for incorporating limitation periods from analogous federal statutes to maintain uniformity in admiralty law.); Sedeco, 570 F.3d at 60 (1st Cir. 2009).

Pursuant to maritime law and the Federal Maritime Liens Act, recovery for vessel storage fees are "necessaries." 46 U.S.C. § 31342; see Faneuil Advisors v. O/S Sea Hawk, 50 F.3d 88, 93 (1st Cir. 1995); see also S.C. State Ports Auth. v. M/V Tyson Lykes, S.C. State Ports Auth. v. M/V Tyson Lykes, 837 F. Supp. 1357, 1365 (D.S.C. 1993), aff'd, 67 F.3d 59 (4th Cir. 1995) (holding that dockage fees constitute "necessaries"). In this action, reliance on state law is appropriate because maritime law does not prescribe a period of limitations for an action to collect necessaries. See Tyson Lykes, 837 F. Supp. at 1370.

If a plaintiff files a complaint before the analogous statute of limitations expires, there is a presumption that laches is inapplicable and the defendant shoulders the burden of proving unreasonable delay and prejudice. Puerto Rican-Am. Ins. Co. v. Benjamin Shipping Co., 829 F.2d 281, 283 (1st Cir. 1987) (citation omitted). Conversely, if a plaintiff brings suit after the limitation period expires, the burden shifts and a presumption of

laches is triggered.  Id.  Accordingly, the period of limitations analysis turns on whether the delay in filing the claim was unreasonable and prejudicial to the defendant.  Doyle, 513 F.3d at 335.

Master Link contends that dismissal is warranted pursuant to Article 948(3) of the Puerto Rico Commerce Code, which prescribes a one-year period of limitations.  P.R. Laws Ann. tit. 10, § 1910.  Article 948(3) provides in relevant part:

> The following shall prescribe after **one year**:
>
> (3) Actions to recover for the expenses of the judicial sale of vessels, cargoes, or goods, transported by sea or by land, as well as those arising from their custody, deposit, and preservation, *and* the navigation *and port expenses* . . . the period to be counted from the time the expenses were incurred and the assistance given, or from the conclusion of the proceedings, if any should have been instituted on the case.

Id. (emphasis added).  Master Link contends that Marina's claims are time-barred because Marina commenced this action on March 2, 2017, more than one-year after Marina incurred expenses related to storing the Master Link Barge and the Fajardo Vessel.  (Docket No. 30 at p. 6.)

### A. Marina's Claims are Not Time-Barred

Master Link's contention that the one-year period of limitations bars Marina's claim is unconvincing.  The Puerto Rico Commerce Code is persuasive, not binding.  See Pan Am. Grain, 215

F. 3d at 175. Cf. Gardner v. Panama R. Co., 342 U.S. 29, 30–31 ("laches is a question primarily addressed to the discretion of the trial court [and] the matter should not be determined merely by a reference to and a mechanical application of the statute of limitations"). Even pursuant to a one-year period of limitations, laches is inapplicable because this action commenced without unreasonable delay, and is not prejudicial to Master Link.

### 1. Master Link Failed to Demonstrate Unreasonable Delay

Marina commenced this action without unreasonable delay. Marina afforded Master Link ample time, notice and opportunity to address its default on the Master Link Barge Agreement and the Fajardo Vessel Agreement. (Docket No. 47 a p. 4.) Marina sent Master Link numerous written communications and invitations to meet in person to discuss payment issues to no avail. (Docket No. 31 at p. 6.) Marina resorted to civil litigation only after Master Link failed to pay outstanding balances pursuant to both agreements. Accordingly, the factual allegations in the third amended complaint demonstrate that Marina commenced this action without unreasonable delay.

### 2. Master Link Failed to Demonstrate Prejudice

The third amended complaint alleges that Master Link suffered no prejudice because the Master Link Barge and the

Fajardo Vessel remain stored at Marina's facilities, despite Master Link's failure to pay for this service. (Docket No. 47 at p. 4.) Although Master Link concedes its failure to pay Marina, Master Link neglects to articulate how it would be prejudiced should this claim proceed. (Docket No. 30 at p. 7.) Accordingly, Master Link has failed to demonstrate that it suffered any prejudice suggesting that the period of limitations precludes Marina's claims. See Sedeco, 570 F.3d 60 (dismissing admiralty claim where plaintiff offered no grounds for rebutting presumption of unreasonable delay and prejudice); Benjamin Shipping, 829 F.2d 281 (applying laches where plaintiff offered no evidence suggesting that defendant was prejudiced).

The First Circuit Court of Appeals' decision in Doyle is illustrative. The Doyle court addressed whether the relevant period of limitations barred crewmen from seeking lost wages dating back a period of eight years. 513 F.3d 331. After determining that "the three-year limitation period for unpaid wage claims in Rhode Island law" applied, the First Circuit Court of Appeals precluded the crewmen from "pursu[ing] wage claims from the distant past and" because "it [would be] prejudicial to Defendants to be required to pay over money to Plaintiffs that had already been distributed to the other crewmen." Id. at 335—337. Contrary to the crewmen in Doyle, Marina placed Master Link on

notice regarding its financial obligations pursuant to both agreements, and continued to store the Master Link Barge and the Fajardo Vessel at Marina's facility prior to and throughout this litigation. Consequently, the doctrine of laches cannot sustain Master Link's motion to dismiss.

### B. Assumption of Debts and Obligations Claim

Master Link contends that it did not assume the MTA's obligations pursuant to the Fajardo Vessel Agreement. (Docket No. 30 at p. 2.) Marina, however, alleges that Master Link expressly assumed and accepted responsibility for the MTA's outstanding payments and obligations pursuant to the Fajardo Vessel Agreement. (Docket No. 47 at p. 4.) Resolution of this issue is immaterial to the 12(b)(6) motion. The Court is satisfied that Marina complied with the pleading standard set forth in Federal Rule of Civil Procedure 8, and that Marina's claims are not time barred.

## V. Conclusion

For the reasons set forth above, the Court **DENIES** Master Link's motion to dismiss pursuant to Rule 12(b)(6). (Docket No. 52.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 19, 2018.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE
